## Wm. Lowry *v.* A. G. Morgan, etc.

**Courts—Appointment of Trustees of Estate.**

A county court was held to have no power to appoint a trustee of an estate in the place of one who had died since such jurisdiction is in a court of equity.

**Life Estates—Suit for Sale and Re-investment of Proceeds.**

A life tenant may bring an action under the statute to have the land sold, and for reinvestment of the proceeds, where the remainder is a contingent one.

30

**Life Estates—Suit for Sale and Reinvestment.of Proceeds.**

> Where an estate is held in trust for the life tenant, and the trustees have died, and the life tenant brings suit for the sale and reinvestment of the proceeds of the land, the court will authorize the sale and reinvestment, upon the appointment and consent of the trustee of the property, and upon proof that it will be beneficial to the parties concerned.

APPEAL FROM FAYETTE CIRCUIT COURT.

February 14, 1873.

OPINION BY JUDGE PRYOR:

Richard Wiggins at his death left a last will and testament by which he made various devises to his two daughters, Caroline Waters and America Morgan, the property to be held in trust by his two sons, Joel and Richard Wiggins. The clause of the will creating the trust is as follows: "The portions of my estate given to my daughters, Caroline Waters and America Morgan, are hereby vested in my sons, Joel Wiggins and Richard Wiggins, Jr., as trustees, and the right and title to the same are to remain in my sons and their heirs as trustees; the interest thereon to be paid to my said daughters respectively during their lives, and at their deaths, or that of either of them, their portion, or portions to be transferred and delivered to her heirs forever." Prior to the death of the devisor he had executed a deed to his two sons in trust for the benefit of Mrs. Morgan for life, and then to her children or their issue, for a tract of two hundred and thirty-eight acres of land in the county of Fayette, and after his death the trustees of his daughters purchased with the proceeds of this trust estate, a tract of ninety-five and a half acres of land adjoining the first named tract; the vendors, Parker and wife, conveyed the same to the trustees to be held by them in trust, in the same manner and for the purpose provided in the will of Richard Wiggins. William Lowry (the appellant) purchased the tract of two hundred and thirty-eight acres of land, as is alleged in the petition, at the price of $110 per acre, and being desirous of purchasing the tract of 95½ acres adjoining, the present petition in equity was filed by Mrs. Morgan and her only child, A. G. Morgan, who also was a trustee, and as the guardian and next friend of his infant children for a sale of this last tract of land, and

seeking a re-investment of the proceeds in other property, a judgment was rendered directing a sale, and William Lowry (who was not a party to the petition) purchased the land at the price of $110 per acre, and the court below requiring him to comply with the terms of sale he has brought the case to this court, insisting that he acquired no title by his purchase. The trustees mentioned in the will, in whom was vested the title to the property, were both dead at the date of the filing of the petition and no trustee appointed in their stead until February, 1872, and the appointment seems to have been made by an order of the Fayette County Court. Mrs. Morgan, the daughter, is now sixty-five years of age, and her only child, who also claims to be trustee, united in the prayer of the petition making parties plaintiffs thereto all of his children, seven in number. The appellees say that the act of August 25th, 1862, Myer's Supplement, page 426, authorizing the sale of real estate in which there is a contingent interest, vested the court below with all the power necessary to render the judgment, and that the appellant is secure in his purchase. Before looking to this statute it becomes necessary to dispose of other questions presented in the record that may, to some extent, at least, affect the title of the purchaser. The appointment of A. G. Morgan trustee for his mother was invalid and gave him no power to act as such for the reason that the county court had no jurisdiction to make it. The jurisdiction of the county court is derived from statutory enactments and the extent of its power clearly defined, and unless there is some express authority given that tribunal, to substitute trustees in room of those who die, or are removed, or who fail to act, or the power may be implied as necessary to perfect a jurisdiction granted one trustee, this act of substitution must be regarded as a nullity. *Chincloe v. Com.,* 13 B. M. 333. In a careful examination of the statute laws with reference to this subject, we have been unable to find any such power vested in the county court and the only tribunal having jurisdiction in such cases in a court of equity. Conceding, however, that the county court had the power to appoint a trustee, this appointment was not made until after the petition was filed; it is true that the order made in 1872 recited that it should have been made in 1869, but so far as the record shows, it is made alone from the recollection of the judge or clerk and it would certainly be a dangerous precedent to permit records of courts to be substituted or amended in this way. *Boyle v.*

*Connelly,* 2 Bibb. 7. There was then no trustee at the time of the sale, and in our opinion the court by its judgment should have recognized the appellee, Alex. Morgan, as trustee and required him to execute bond as such inasmuch as he had been selected by the mother and is now the only one entitled to the estate in the event of his mother's death and his surviving her.

The statute under which this proceeding is had reads as follows:

"Where real estate or use thereof for a limited period is held and the title thereof is devised by deed or last will in which there may be a contingent interest depending on events which may or not happen, and the person or persons, corporation or corporations to take such future interest can not for the time being be ascertained on account of the non-happening of the event or events on which such interest depends, it shall be lawful for any person having a present interest in such real estate to institute proceedings in the county in which the property is situated in a court not inferior to the circuit court for the sale of the entire and absolute title to the property, etc." This statute is so inaptly drawn as to present some difficulty in arriving at the intention of those framing it. It is evident, however, that the enactment was made for the purpose of authorizing a sale of contingent interest in real estate, and it seems to us whether that contingency depends upon the happening or non-happening of an event, or by reason of the uncertainty in whom the title to the remainder is to finally rest, is altogether immaterial. The statute contemplates no uncertainty in regard to the donation or termination of the particular or limited estate, but has reference to events which may or not happen during its existence, making it uncertain as to those who are to take the remainder. If the estate is to pass to A. G. Morgan (her son) at the death of Mrs. Morgan, if he is then living, and if not then to his children, the right of the children to take depends upon whether the father is living at the termination of the life estate. The event upon which the children take may or not happen and for this reason those who are to take the future estate can not be ascertained. If A. G. Morgan is living at the death of his mother he is the only heir and takes the property; if he should not survive her, then his children are the heirs and if they are also dead, the next of kin, and the happening or non-happening of these events render it uncertain as to the person or persons who will own this property at the death of the life tenant. Conceding, however,

that the happening of the event upon which the parties are to take is certain, and that the only uncertainty growing out of this clause of the will is as to the person entitled to the estate when the event transpirs; still, if the chancellor by reason of the statute will sell when both contingencies exist, why may he not sell when only one contingency arises? The chancellor will certainly not be so tenacious in following the letter of the law by refusing to sell when only one contingency exists, when it is obvious that the purpose of the enactment was to authorize the sale of all such contingent rights. Those in remainder are made secure in the proceeds of sale by the third section of the act referred to, which required that the proceeds of sale shall be re-invested in the same kind of property and held subject to the same limitations, trusts and conditions as the property sold. We are of the opinion that the life tenant can bring the action, as it is difficult to conceive how a greater present or vested interest can exist in an estate when the fee simple estate is made to depend upon so many contingencies and in the present action the life tenant is not only a party but all those who are likely to succeed to the remainder are united with her as plaintiffs. In order, however, to have removed all doubt in regard to the title it would have been better for the court below to have made A. G. Morgan trustee, in room of the trustees who are dead, and in the judgment directed a conveyance by the trustee, and life tenant, as well as the commissioner, and in order to perfect the title the court below upon the return of the cause should permit an amended pleading to be filed by the appellees, Mrs. Morgan and A. G. Morgan, making the heirs of the deceased trustees parties and ordering the appointment of a trustee with power to unite in the conveyance, and when appointed should execute bond with surety to be approved by the court, etc. Upon the appointment of A. G. Morgan as trustee, and his consent to the sale with the heirs of the deceased trustees before this court and proof that it is beneficial to all the parties as agreed by the statute, the court will render a judgment confirming the sale, and directing an investment of the proceeds as directed by the statute, as well as a conveyance to the purchaser by the commissioner's trustee and life tenant, retaining liens for the purchase money, the life tenant warranting the title to the extent of his interest.

The judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion.

*Breckenridge & Buckner, for appellant.*

*Waters, for appellee.*